IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD W. GLOSSIP and | ) | Case No. 04-47003-drd |
| SUSAN R. BARNES-GLOSSIP, | ) | |
| | ) | |
| Debtors. | ) | Adv. No. 05-04077-drd |
| | ) | |
| HUBERT D. CROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD W. GLOSSIP and, | ) | |
| SUSAN R. BARNES-GLOSSIP, | ) | |
| | ) | |
| Defendants/Debtors. | ) | |

**MEMORANDUM OPINION**

Herbert D. Crow ("Crow" or "Plaintiff") filed a complaint objecting to the discharge of Richard W. Glossip and Susan R. Barnes-Glossip ("Debtors") pursuant to 11 U.S.C. §727(a)(3) and (5) or alternatively, seeking a determination that a certain debt owed by Debtors to Crow is non-dischargeable pursuant to 11 U.S.C. §523(a)(6) ("Complaint"). Crow claims that because he loaned money to Debtors to purchase property, which was to have been repaid when the property was refinanced, he has "special equity" in the property, which was injured when Debtors refinanced the property and failed to repay the debt. In their Answer, Debtors admit that Crow has an unsecured claim in the bankruptcy (hereinafter referred to as the "debt"), however they deny that Crow has an interest in property sufficient to support a claim for willful and malicious injury and to hold the debt non-dischargeable. Debtors filed "Defendant's Motion for Summary Judgement" ("Motion") on the issue of whether the debt is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

In his response, Crow raised the question of whether the Motion is one for summary judgement, pursuant to Fed.R.Bankr.P. 7056, or a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Bankr.P. 7012(b). The limited issue before the Court is whether Debtors have established that there is no genuine issue of material fact as to their entitlement to an award of summary judgment on the §523(a)(6) non-dischargeability issue or, alternatively, that Crow has failed to state a claim upon which relief could be granted such that dismissal of Count II of the Complaint is warranted. This is a core proceeding under 28 U.S.C. §157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rules 52 of the Federal Rules of Civil Procedure as made applicable to these proceedings by Rules 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I find that Crow has no interest in property, therefore, as a matter of law, there was no injury to property under §523(a)(6) and the Motion is granted.

## I. FACTUAL BACKGROUND

Crow is Susan Glossip's grandfather. Crow and his now deceased spouse, Lucille Crow, agreed to loan Debtors money for the purchase of certain real property located at 10319 North Virginia, Kansas City, Missouri ("Real Property"). A written agreement dated December 12, 2000 ("Contract"), was executed by Crow, Lucille, Susan Glossip and Richard Glossip.[1] Pursuant to the terms of the Contract, Crow agreed to loan Debtors $101,708.00[2], Debtors agreed

---

[1] Susan Glossip testified at the meeting of creditors that she signed the Contract on behalf of her husband, Richard Glossip. See Affidavit of Herbert Crow, ¶ 17, Exhibit A to Plaintiff's Suggestions in Opposition to Defendant's Motion for Summary Judgment ("Crow Affidavit").

[2] On December 11, 2000, Crow executed a cashier's check, made payable to Security Land Title, in the amount of $100,000. Crow also executed a personal check in the amount of $1,708.00, also made payable to Security Land Title, for the closing costs generated from the

to make monthly payments to Crow in the amount of $778.59 and Debtors agreed to refinance the mortgage on the Real Property two years after execution of the Contract and pay Crow the amount remaining due and owing under the Contract at the time of the refinance.[3]  Crow raised the money to loan Debtors by taking out a home equity loan on his residence in Kansas City, Missouri.  Crow did not take a deed of trust on the Real Property to secure his loan to the Debtors.  Debtors allegedly defaulted on the monthly payments due under the Contract[4], which resulted in Crow filing a state court action to recover sums alleged due and owing under the Contract.  Sometime after the purchase of the Real Property, Debtors refinanced the mortgage on the Real Property (hereinafter referred to as the "Refinance").  Sometime after the execution of the Contract and the Refinance, Debtors purchased some land in Ottawa, Kansas.[5]

On November 11, 2004, Debtors filed a Chapter 7 Bankruptcy Petition.  On April 11, 2005 Crow initiated an adversary proceeding by filing the Complaint and on June 24, 2005, Debtors filed "Defendant's Motion for Summary Judgement", which is the matter currently before the Court.

## II.  DISCUSSION AND ANALYSIS

### A. Procedural Posture

Before considering the merits of the Debtors' Motion, the Court notes that, although

---

purchase of the Real Property.  See Crow Affidavit, ¶'s 5 & 6.

[3] See Answer, ¶ 6.

[4] Whether Debtors defaulted on monthly payments remains a contested factual issue:  See Crow Affidavit, ¶21 and Debtors' response to Request for Admissions, ¶8.  This factual contention, however, is not relevant to the issue currently before the Court.

[5] Debtors' Bankruptcy Schedules state the Ottawa, Kansas property has a value of $20,000.  Debtors and Crow disagree regarding whether any of the cash received by the Debtors from the Refinance was used to purchase the Kansas property.

Debtors denominated the Motion as one for summary judgment, technically it appears to be a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (incorporated into Fed.R.Bankr.P. 7012(b)), versus one for summary disposition pursuant to Federal Rule of Civil Procedure 56 (incorporated into Fed.R.Bankr.P. 7056). Debtors' motion fails to comply with Local Rule 9013-1.G, which requires that the motion set forth separately, each allegedly uncontested statement of fact. In addition, no support is offered for the factual assertions made in the Motion. As Crow indicates, the Motion appears to assume as true the allegations contained in the Complaint and to argue that, even if true, Crow failed to assert a claim upon which he is entitled to relief. In response, Crow offers an affidavit with additional statements of allegedly uncontroverted facts. The submission of the affidavit may convert the motion to dismiss to a motion for summary judgment. At any rate, the Court will assume those additional statements of uncontroverted facts to be true for the purpose of ruling on the Motion.

Although the procedural standards for the two types of motions are technically different[6], the analysis in this instance leads to the same conclusion. When determining whether summary judgment is proper, the facts and inferences from such facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the movant to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Premier Bank v. Tierney*, 1997 WL 176704 (W.D.Mo. 1997) *(citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

---

[6] Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Under Fed.R.Civ.P. 12(b)(6) dismissal is appropriate when the allegations in a complaint fail to state a claim upon which relief may be granted.

(1986)). When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) the court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Burkhalter v. Lindquist & Trudeau, Inc.*, 2005 WL 1983809 (E.D.Mo. 2005). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id. (citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court's view is that the outcome in this case would be the same under either a summary judgment or a 12(b)(6) dismissal analysis, however, for purposes of clarity, the Court will treat the Motion as one for summary judgment as to Count II of the Complaint.

### B.  Relevant Legal Standard

Count II of the Complaint asserts that Crow has a "special equity" interest in the Real Property under the terms of the Contract because he loaned the Debtors funds, which were used specifically for the purchase of the Real Property and the loan was to be repaid at the time of refinancing. Additionally, Crow argues that because Debtors willfully and maliciously injured his "special equity" property interest, the debt should qualify as an exception to discharge pursuant to § 523(a)(6).

Section 523(a)(6) states in pertinent part:

(a) a discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt...(6) for willful and malicious injury by the debtor to another entity *or to the property of another entity*.... (Emphasis added).

An analysis under § 523(a)(6) involves a two-step process: (1) determine whether there has been an injury to either another entity or to the property of another entity and if there has, (2) determine whether said injury was caused in a willful and malicious manner. In the instant matter, there is no allegation of an injury to Crow. The precise issue before the Court is whether

Crow has a "special equity" interest (or any interest) in the Real Property or in the proceeds of the Refinance.

Crow could have taken a deed of trust on the Real Property to secure the loan made to Debtors, but for whatever reason, failed to do so. Had he done so, there would be no question but that he had an interest in the property which might serve as a predicate for a claim of nondischargeability under § 523(a)(6). Crow essentially wants the Court to treat him as though he had such an interest by invoking the doctrine of "special equity." Crow cites no case in which a court has recognized the existence of such an equity in an analogous situation, as a basis for a claim under § 523(a)(6). As a matter of fact, Crow cites no authority whatsoever for the "special equity" concept.

In the Motion, Debtors focus their analysis on the concept of "special equity", as that was the term Crow used to describe the type of property interest that he has in the Real Property.[7] Debtors cite two cases as support for the proposition that, while a doctrine of "special equity" may exist, it is inapplicable in this case[8]. Although neither of the cases cited by Debtors provide the Court guidance on the issue of whether Crow has an interest in property under § 523(a)(6), the Court agrees that the doctrine of "special equity" does not apply here[9].

---

[7] See ¶22 of the Complaint.

[8] Debtors cite the following two cases in the Motion: *McCarthy v. McCarthy*, 528 So.2d 97 (1988) (under Florida law, either a husband or a wife may establish that they have a special equity interest in marital property which was acquired during the marriage with funds unconnected to the marriage; but where a party outside the marriage makes a loan to the husband and wife jointly, neither party is entitled to a special equity); *Troll v. City of St. Louis et.al.*, 168 S.W. 167 (Sup. Ct. Mo. 1914) (court examines issues related to partnership transactions). Both of the cases cited by Debtor are factually distinguishable and are not analogous to the case at bar.

[9] Neither party cites to an Eighth Circuit case regarding when (or whether) courts in this jurisdiction would acknowledge a "special equity" property interest. Debtors cite one Missouri case as support for the position that the doctrine of "special equity" is inapplicable to the instant

Through its own research, the Court discovered several cases that provide guidance on the issue of what constitutes "property" within the meaning of § 523(a)(6), all of which are distinguishable from the facts of this case. One line of cases hold that a creditor has an interest in property if there is a security agreement which adequately describes the creditor's property. For example, in *John Deere Credit Service v. McLaughlin*, 109 B.R. 14 (Bankr.D.N.H. 1989), the debtor purchased certain property pursuant to a retail installment and security agreement and later sold the property to a third party, retaining the proceeds for personal use. Unlike the Contract upon which Crow relies, the creditor in *McLaughlin* had a security agreement which clearly identified its interest in the property. *See also Barclays Am. Bus. Credit, Inc. v. Long*, 774 F.2d 875, 879-881 (8th Cir.1985) (analysis of whether debtor's breach of security agreement with creditor was sufficiently willful and malicious to preclude discharge).

Another line of cases has held that a debt may be nondischargeable under §523(a)(6) where there is an identifiable fund of cash that belonged to the creditor. *See e.g., In re St. Paul Fire & Marine Ins. Co. v. Vaughn, 779 F.2d 1003 (4h Cir.1985)* (debtor converted creditor's property where debtor breached agreement to place check, payable to debtor and creditor, into trust account by endorsing and cashing check for personal use); *Sulphur P'Ship, et al., v. Piscioneri,* 108 B.R. 595, 603 ((Bankr.N.D.Ohio1989) (management company-debtor converted creditor's property by failing to apply rental payments received to mortgage installments, taxes and other obligations of the creditor-owner, but instead using the funds for other purposes); *In re*

---

case. The Court agrees that, because the facts in *Troll* are factually distinguishable, it provides no persuasive authority . *See Troll 168 S.W. 167.* In this case, it is a *creditor*, not a spouse, who is claiming "special equity" in marital property. Therefore, even under Florida law, which is obviously not applicable here, the doctrine of "special equity" would not apply in this case. *See McCarthy*, 528 So.2d at 97-98; *see also Hampton v. Hampton*, 43 B.R. 633, 634 (Bankr.M.D.Fla1984) (special equity is a spouse's vested interest in property which was brought into the marriage because of contributions from outside the marriage).

*Valentine,* 104 B.R. 67 (Bankr.S.D.Ind.1988) (debtor converted creditor's property by endorsing and cashing check made payable to both parties). In *In re Stiles Brook Forest, Inc. v. Prevost*, 123 B.R. 692 (Bankr.D.N.H.1991), the creditor and debtor signed a contract requiring the debtor to pay a certain fee for logs milled by the debtor. Although the creditor did not have a security interest in the proceeds from the logs, because the logs being milled came from the forest owned by the creditor and because the contract was so clear with regard to the payment terms, the Court found that the creditor had a property interest within the meaning of § 523(a)(6) because there was an identifiable fund of cash that belonged to the creditor. *See Prevost*, 123 B.R. at 692.

Here, the Contract merely states that Debtors "...plan to refinance the loan after two years and pay [Crow] the remaining amount at that time in full." Unlike the logs in *Prevost* or the proceeds from the checks in *Valentine* and *Vaughn*, any interest that Crow might have in the Real Property itself has not been injured as that property has not been sold or disposed of. Crow had a contractual right to be repaid the amount of money that he loaned to Debtors. The prospective refinancing established the time at which that was to occur. Crow did not take, and likely could not have taken, a security interest in or assignment of, the proceeds of the refinancing, which did not exist at the time the Contract was executed. Unlike the contract in *Prevost*, the language in the Contract here is vague and ambiguous. It does not set forth a specific date for a refinance, an exact amount which will be due and payable at the time of the refinance, or the amount of cash Debtors will be able to receive from a refinance for remittance to Crow. Additionally, even if the Contract was sufficiently specific to establish an identifiable fund of cash to establish that Crow has a property interest in the proceeds from the Refinance, because there are no facts before the Court regarding the specifics of the Refinance, the Court is unable to make this determination. Essentially, the facts of this case are not distinguishable from

any other ordinary breach of contract case, where the debt is dischargeable and the creditor has an unsecured claim in the bankruptcy. Absent a finding that Crow has a property interest in either the Real Property or the proceeds from the Refinance, which could have been injured by the Debtors actions, the Court cannot, as a matter of law, find that the debt is excepted from discharge pursuant to

§ 523(a)(6).

### III.  CONCLUSION AND ORDER

In sum, based on the facts of this case, the Court finds that Crow does not have a property interest in the Real Property or the proceeds from the Refinance, therefore, he cannot establish that the debt owed to him by the Debtors is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). For all the reasons cited above, Debtor's Motion is granted as to Count II of the Complaint and the case will proceed to trial on Count I.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:      September 23, 2005            /s/ Dennis R. Dow
                                          THE HONORABLE DENNIS R. DOW
                                          UNITED STATES BANKRUPTCY JUDGE